IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EMERALD CASINO, INC. | ) | Case No. 02 B 22977 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FRANCES GECKER, not individually but solely as chapter 7 trustee for the bankruptcy estate of Emerald Casino, Inc. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. No. 08 A 00972 |
| DONALD F. FLYNN, KEVIN F. FLYNN, JOHN P. McMAHON, JOSEPH P. McQUAID, KEVIN D. LARSON, WALTER P. HANLEY and PEER PEDERSEN, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF DECISION**

The defendants' summary judgment motion now before the court arises from the intersection of two complaints. One is a complaint in this bankruptcy case, brought by the trustee of the Chapter 7 estate of Emerald Casino, Inc. ("Emerald") against several defendants involved in Emerald's management. The other is an Illinois state court complaint first brought by individual investors in Emerald against many of the same defendants. The basis for the summary judgment motion is res judicata. The defendants in the bankruptcy complaint obtained dismissal of the state court complaint, and they now argue that the state court dismissal precludes the proceeding in bankruptcy court. Res judicata, however, cannot properly be asserted, and summary judgment will be denied.

Res judicata would bar the complaint in this bankruptcy case if, *inter alia*, the claims asserted here are identical to those finally adjudicated by the state court.  However, the defendants cannot make that showing.  They are judicially estopped from contending that the claims in the two proceedings are the same because they previously succeeded in arguing that the claims are fundamentally different.  Moreover, even if the claims should otherwise have been adjudicated in a single case, because the defendants themselves sought to split the claims between two courts, an established exception to res judicata requires that the trustee be allowed to pursue her claims separately on behalf of the Emerald estate.

## Jurisdiction

Under 28 U.S.C. § 1334(a), the federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code (the "Bankruptcy Code").  28 U.S.C. § 157(a) allows the district courts to refer these cases to the bankruptcy judges for their districts.  The District Court for the Northern District of Illinois has made such a reference of all of its bankruptcy cases.  N.D. Ill. Internal Operating Procedure 15(a).

Under 28 U.S.C. § 157(b)(1), a bankruptcy judge to whom a case has been referred may enter final judgment on any "core proceedings" arising in the case.  The trustee's claims against the defendants are counterclaims to claims that the defendants have made against Emerald's bankruptcy estate, and 28 U.S.C. § 157(b)(2)(C) defines such counterclaims as core proceedings.  However, in *Stern v. Marshall*, 131 S.Ct. 2594, 2620 (2011), the Supreme Court determined that Article III of the Constitution requires the "removal of [certain trustee] counterclaims . . . from core bankruptcy jurisdiction," so that such counterclaims are decided by a judge appointed under Article III, rather than a bankruptcy judge.  But even if the trustee's bankruptcy complaint were wholly within the scope of the *Stern* decision, and so removed from core jurisdiction, it would still affect the extent of the estate available to pay

2

Emerald's creditors. Therefore, the trustee's complaint would at least be within the "related-to" jurisdiction of the bankruptcy court and, as set forth in 28 U.S.C. § 157(c)(1), a bankruptcy judge may propose findings and conclusions to the district court for that court's entry of judgment pursuant to such jurisdiction. 28 U.S.C. § 157(c)(1); *In re Memorial Estates,* 950 F.2d 1364, 1367-68 (7th Cir. 1991) (explaining related-to jurisdiction).[1]

Denial of summary judgment is consistent with related-to jurisdiction, in that it leaves the entry of ultimate judgment to the district court. *In re Malden Mills Industries, Inc.*, 277 B.R. 449, 455-56 (Bankr. D. Mass. 2002).

---

[1] The defendants make a statutory argument, based on *Stern*, that would eliminate all bankruptcy court activity in this proceeding. The argument runs this way: first, as *Stern* recognized, § 157(b)(2)(C) defines as "core" any claims by the estate against a creditor who has filed a claim against the estate; second, § 157(c)(1) only applies related-to jurisdiction to a proceeding "that is not a core proceeding"; and so, the argument concludes, a § 157(b)(2)(C) counterclaim—being statutorily core—cannot be within the related-to jurisdiction. There appears to be at least some judicial support for this argument. *See In re Blixseth*, 2011 WL 3274042, at *12 (Bankr. D. Mont. Aug. 1, 2011).

The argument, however, ignores the remedy flowing from *Stern's* holding that the statute unconstitutionally allows judgments to be entered by a non-Article III court. As noted in the text above, *Stern* states that the remedy for this constitutional violation is to remove counterclaims covered by the decision from core jurisdiction. 131 S.Ct. at 2620. With this remedy, the counterclaim is no longer covered by the statutory definition of "core." As a result, to the extent that the estate's claims are not subject to a final judgment by the bankruptcy court, they are non-core, and fully within the definition of related-to jurisdiction in § 157(c)(1).

In addition to following *Stern*, applying this remedy avoids the bizarre result of the defendants' argument: a claim brought by the estate against a creditor who has not filed a claim against the estate would be within the bankruptcy court's related-to jurisdiction, but if the creditor later filed a claim in the bankruptcy case, then—although the estate's claim could have a major impact on the bankruptcy estate by offsetting the creditor's claim—the claim would now be a counterclaim under § 157(b)(2)(C), and bankruptcy court jurisdiction would be completely lost. Even if the Supreme Court had not already directed a more reasonable remedy for the constitutional violation it found in *Stern*, the perverse effect of the remedy suggested by the defendants' argument would require that it be rejected.

3

**Factual Background**

Emerald's bankruptcy case began in 2002 and went forward under Chapter 11 of the Bankruptcy Code. (Case Docket 1, 112, 113.) Several years later, in October 2007, a group of individuals who had invested in Emerald (the "Payton Plaintiffs") filed a complaint in the Circuit Court of Cook County, Illinois against all of the defendants in the present proceeding except Peer Pedersen. The state court complaint set out seven counts asserting breach of contract, common law and statutory fraud, and conspiracy. (Adv. Docket 323 Ex. C, at 17-22.)

Shortly after the state court action was filed, Emerald's bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code, and the United States Trustee appointed Frances Gecker as the Chapter 7 trustee. (Case Docket 1984, 1985.) The trustee subsequently obtained court approval of a settlement with the Payton Plaintiffs. (Case Docket 2019, 2027.) Under this settlement, the Payton Plaintiffs assigned their claims against the defendants to the trustee, and in return they received the right to share in any recovery that the trustee obtained either on their claims or on any claims that the trustee asserted on behalf of the Emerald bankruptcy estate against the same defendants. (Case Docket 2019, at ¶ 13.)

In December 2008, the trustee removed the state court complaint to the bankruptcy court and amended the complaint to include additional claims of the estate. (Adv. Docket 3, 14.) The defendants responded with a motion for remand of the original removed complaint to the state court or, if the removal was found proper, for abstention from the counts of the amended complaint that reflected the claims of the Payton Plaintiffs. (Adv. Docket 22.) The motion did not ask that the bankruptcy court abstain from hearing the new claims that the trustee asserted on behalf of the estate. (*Id.*) To the contrary, the motion argued in favor of abstention because "[t]he claims at issue in the State Court Action are remote from and unrelated to the bankruptcy case" and because "[t]he causes of action in the State Court Action have no impact on Emerald's bankruptcy estate, and the proofs relative to establishing

4

liability to the estate and the proofs necessary to establishing liability to the Payton Plaintiffs on their individual claims are different and would not overlap." (*Id.*, at 16-17.)

The trustee contested this argument. In the briefing on the motion she argued that the claims of the Payton Plaintiffs should remain as part of the adversary complaint because these claims were closely related to Emerald's own claims against the defendants. In their reply brief, the defendants vigorously denied such a relationship. In a section of their brief entitled "The Trustee's Claims Are Not The Same Or Even Similar To The Payton Claims," the defendants made the following argument:

> The Payton claims are much different than the Trustee's claims . . . .
>
> The claims [filed by the Payton Plaintiffs] seek individual recoveries based on contract and fraud claims, the latter based on representations made to certain of the plaintiffs. The fiduciary duty claim is based on fiduciary duties that were allegedly owed directly to the individual plaintiffs . . . .
>
> The claims the Trustee seeks to bring are much different. The breach of fiduciary duty claim (Count I of the Amended Complaint) is based on duties the Trustee claims were owed to Emerald. The other claims are all unique to the Trustee . . . .

(Adv. Docket 31 at 4-5.)

Similarly, in advocating abstention as an alternative to remand, the defendants' reply brief made clear their position that "the fact that the Trustee is pursuing the Payton Plaintiffs' individual claims does not transform those claims into debtor claims" (*id.* at 20) and they emphasized that they are "not requesting that [the bankruptcy court] abstain from hearing whatever new claims the Trustee seeks to assert on behalf of Emerald against the Defendants" (*id.* at 18).

In January 2009, the bankruptcy court granted the defendants' request for abstention, expressly accepting their argument that the claims made by the Payton Plaintiffs were distinct from those of the Emerald estate and separately determinable:

5

> [D]espite the Trustee's argument to the contrary, it is quite feasible to sever the state law claims in the original Payton complaint from the core bankruptcy matters included in the amended complaint. The Payton Plaintiffs' claims can be conclusively adjudicated in state court, [with] jurisdiction over the core proceedings preserved in this court for later proceedings.

(Adv. Docket 323, Ex. M at 13-14.)

In April 2009, after the claims of the Payton Plaintiffs were returned to state court, the defendants moved to dismiss them on statute of limitations grounds, and they again noted the difference between the state court claims and those that remained in the bankruptcy court. (See Adv. Docket 323, Ex. EE at 33; counsel for defendants stating that the bankruptcy complaint presented "different statute of limitations issues completely" that were not before the state court.)

Indeed, the statutes of limitations applied by the bankruptcy court were different from the statutes of limitations applied by the state court.   In December 2009, the bankruptcy court denied a limitation motion to dismiss the trustee's estate claims, and in February 2010 the state court dismissed the entire complaint pending before it—all of the Payton Plaintiff claims—based largely on limitations it held applicable to those claims.  (Adv. Docket 323, Ex. HH; preliminary decision at Ex. Z at 7-9.)

Thereafter, the defendants filed the pending motion for summary judgment grounded in the state court dismissal.  (Adv. Docket 321.)

**Conclusions of Law**

Summary judgment may be granted if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56, made applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7056.  Because the defendants seek summary judgment based only on filings and arguments in the record of the state

6

court and in the bankruptcy proceedings here, there are no facts in dispute. The only question is whether, as a matter of law, res judicata results from the uncontested facts.

Under 28 U.S.C. § 1738, the state court decision dismissing the Payton Plaintiff claims must be given the same effect in federal courts as it would be given in the courts of Illinois. *See Hagee v. City of Evanston*, 729 F.2d 510, 512 (7th Cir. 1984). Under Illinois's application of res judicata, a judgment in one case is preclusive of claims in another case if: (1) the judgment was rendered by a court of competent jurisdiction on the merits of the case; (2) the causes of action are identical in both cases; and (3) the parties or their privies are identical in both cases. *See River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (1998). There is also a fourth requirement, that the application of res judicata be fundamentally fair. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (2001).

The trustee has not disputed that the dismissal of the state court complaint was a decision on the merits. However, she does dispute that the three remaining requirements for res judicata apply to her bankruptcy complaint, and as to at least two of them, she is correct.[2]

---

[2] The question of whether the trustee was a "party" in the state court action is a difficult one. Although the trustee certainly became a party in interest by accepting an assignment of the Payton Plaintiff claims, it is unclear whether that status is relevant to res judicata. In *Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950 (2000), the Seventh Circuit held that a plaintiff who acquired a federal claim by assignment could pursue that claim even though the plaintiff had himself been subject to judgment in another case involving the same cause of action. The Seventh Circuit stated the applicable rule to be that "the assignee stands in the shoes of the assignor and assumes the same rights, title and interest possessed by the assignor." 227 F.3d at 953 (citing *Plumb v. Fluid Pump Service, Inc.*, 124 F.3d 849, 864 (7th Cir. 1997), internal quotation marks and citations omitted). Thus, the Seventh Circuit's rule is that the assignor—not the assignee—remains the "party" for purposes of res judicata. However, the Illinois courts have not addressed this issue, and at least one other court has held that acquisition of a claim by assignment does make the assignee a party subject to res judicata. *Travelers Cas. & Sur. Co. of America v. Lawyer's Title Ins. Corp.*, 2008 WL 1958338, at *12 (Tenn. Ct. App. May 6, 2008) ("We hold that [plaintiff's] claims against the Bank, including those assigned to [plaintiff] by [a third party], are barred by *res judicata*."). Because res judicata must be denied here on other grounds, it is not necessary to determine how the Illinois Supreme Court would decide the question of an assignee's status as a party.

7

1. *Identity of causes of action.*

The first reason for not applying res judicata here is that, under the principle of judicial estoppel, the defendants cannot establish that the claims made by the trustee on behalf of the Emerald estate are identical to the Payton Plaintiff claims dismissed by the state court.

When the defendants presented their motion for remand or abstention of the Payton Plaintiff claims, a key issue was the extent to which such claims were severable from the claims the trustee was bringing on behalf of the Emerald estate. *See In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) (listing "the feasibility of severing state law claims from core bankruptcy matters" as a factor bearing on the court's discretion to abstain). The defendants argued that severing the Payton Plaintiff claims from the estate claims was feasible because the estate claims were "quite different from"— indeed "not . . . even similar to"—the Payton Plaintiff claims. The bankruptcy court expressly accepted this argument in severing the claims. Now, in support of summary judgment, the defendants argue that "the claims . . . brought in the State Court Complaint and the Bankruptcy Complaint are the same." (Adv. Docket No. 380, at 5.)

This sort of argumentative about-face is frowned on, and on several occasions, the Seventh Circuit has invoked the doctrine of judicial estoppel to nullify such tactics. In *Butler v. Village of Round Lake Police Dept.*, 585 F.3d 1020, 1022 (7th Cir. 2009), the court summarized the case law this way:

> Judicial estoppel provides that a party who prevails on one ground in a prior proceeding cannot turn around and deny that ground in a subsequent one. *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.,* 179 F.3d 523, 526 (7th Cir. 1999). It is an equitable concept designed to protect the integrity of the judicial process and "to prevent litigants from 'playing fast and loose with the courts.'" *In re Cassidy,* 892 F.2d 637, 641 (7th Cir. 1990) (citing *Scarano v. Central R. Co.,* 203 F.2d 510, 513 (3d Cir. 1953)). Its purpose is to prevent a litigant from prevailing "twice on opposite theories." *Levinson v. United States,* 969 F.2d 260, 264 (7th Cir. 1992).

8

In *Ogden Martin Sys. Of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 527 (7th Cir. 1999), the court identified three requirements for judicial estoppel: "(1) the later position must be clearly inconsistent with the earlier position; (2) the facts at issue should be the same in both cases; and (3) the party to be estopped must have convinced the first court to adopt its position." All of these requirements are met here. The second and third requirements are satisfied because the conflicting arguments were made in the same case, with the same facts present, and the initial argument made by the defendants did indeed prevail. As to the first requirement, the defendants contend that their arguments about the dissimilarity between the Payton Plaintiff claims and the estate claims for purposes of abstention were never meant to imply that the claims were not the same for purposes of res judicata. But this is ineffective hair-splitting. In deciding whether severance of the two sets of claims was feasible, a central question facing the bankruptcy court was whether the claims could be adjudicated separately. If they could not be, the bankruptcy court would not have severed them. The court would hardly have allowed the claims to go forward in separate courts with the notion of creating a race to judgment between the two. The defendants, in pursuing abstention from the Payton Plaintiff claims, were arguing for the availability of effective, separate adjudication on the merits of each set of claims. That was the thrust of their prior argument that the two sets of claims required different proof and were not at all similar. Their present argument contradicts this, and judicial estoppel applies.[3]

---

[3] If the defendants' revised argument were nevertheless considered on its merits, it would not succeed. Defendants cite *River Park, Inc. v. City of Highland Park,* 703 N.E.2d 883, 893 (1998), which holds that two causes of action may be identical if they arise from a single group of operative facts, regardless of whether different theories of relief are asserted. But the claims brought on behalf of the Payton Plaintiffs and those of the Emerald estate arose from different sets of operative facts, despite some significant overlap. The Payton Plaintiff claims were those of investors, not derivative claims on behalf of Emerald, and the central basis for the claims was that the defendants had not accurately informed the Payton Plaintiffs of facts relating to their investments. See Adv. Docket 321, Ex. C, ¶¶ 22-26. In contrast, the claims of the Emerald estate have nothing to do with communications between

9

2. *Equitable allowance of claim splitting.*

There is a second, independent reason for not applying res judicata to the Emerald estate claims. Even if the defendants could successfully argue that the trustee's claims on behalf of the Emerald estate are the same as the Payton Plaintiff claims, so that the two sets of claims would otherwise have had to be adjudicated together, the defendants acquiesced in splitting the claims, and that acquiescence creates an exception to res judicata.

The Illinois Supreme Court has observed that "the public policy underlying *res judicata* . . . is to protect the defendant from harassment and the public from multiple litigation." *Rein v. David A. Noyes & Co.,* 665 N.E.2d 1199, 1208 (1996). But here, the trustee wanted to conduct her litigation in a single forum—the bankruptcy court—with bankruptcy adjudication of all of the claims she was presenting, both the Payton Plaintiff claims and those of the Emerald estate. Her proposed course of conduct would not have subjected the defendants to harassment or the public to multiple litigation. It was the defendants' choice to seek to sever the trustee's bankruptcy complaint into separate cases pending in different courts. The policy underlying res judicata, then, does not apply here.

This situation calls into play a general principle that the Illinois courts have adopted: "[r]es judicata will not be applied where it would be fundamentally unfair to do so." *Nowak v. St. Rita High Sch.,* 757 N.E.2d 471, 477 (2001). Consistent with that principle, the courts have followed Section 26 of the Restatement (Second) of Judgments (1982), which sets out a number of exceptions to res judicata in the context of splitting claims arising out of the same set of facts. *Nowak*, 757 N.E.2d at 480; *Williams ex rel. Beaton v. Ingalls Memorial Hosp.*, 944

---

management and individual investors, but rather, with management's dealings with the Illinois Gaming Board. And the damages for these claims have nothing to do with the amounts invested by the individual Payton Plaintiffs. Similarly, though both sets of claims include alleged breaches of a shareholder agreement, the standing and damages that could be claimed for pursuit of the breaches are factually distinct.

10

N.E.2d 421, 433 (Ill. App. Ct. 2011).  The first of these exceptions, § 26(1)(a) makes res judicata inapplicable when "the parties have agreed . . . that the plaintiff may split his claim, or the defendant has acquiesced therein."  By moving for remand or abstention with respect to the Payton Plaintiff claims, while expressly declining to seek transfer of the Emerald estate claims to state court, the defendants not only "acquiesced in" but actually sought the very splitting of claims that they now assert violated the principles underlying res judicata.  Equitable considerations, as reflected in § 26(1)(a), require that res judicata not be applied in such circumstances.

## Conclusion

For the reasons set out above, res judicata does not bar the trustee from pursuing claims of the estate.  An order denying defendants' motion for summary judgment will be entered together with this opinion.

Dated: August 26, 2011

_____
Eugene R. Wedoff
United States Bankruptcy Judge

11